**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BEN BONAVENTURA, | Civil Action No. 1:17-cv-02168-ER |
| *Plaintiff,* | |
| v. | |
| GEAR FITNESS ONE NY PLAZA LLC, GEAR FITNESS HOLDINGS LLC, RETROFITNESS, LLC, MEDISPA ONE NY PLAZA LLC, and RICHARD SANSARICQ | |
| *Defendants.* | |

---

**DEFENDANT RETROFITNESS, LLC'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

**MARKS & KLEIN, LLP**
Justin M. Klein, Esq.
63 Riverside Avenue
Red Bank, New Jersey 07701
Tel: 732-747-7100
Fax: 732-219-0625
*Attorneys for Defendant Retrofitness, LLC*

# **TABLE OF CONTENTS**

STANDARD OF REVIEW ..................................................................................................1

ARGUMENT ....................................................................................................................1

    I. The FLSA and NYLL are Inapplicable to Retrofitness.......................................................2

        A. Plaintiff Fails to Present Sufficient Facts Demonstrating that Retrofitness was Plaintiff's "Employer" Under the FLSA or NYLL.......................................2

        B. Documentary Evidence Indicates that Retrofitness Was Not Plaintiff's Employer....5

    II. The FLSA and NYLL Wage and Overtime Provisions Are Inapplicable Here because Plaintiff is Exempt from Coverage as a Salaried Employee............................................6

    III. Plaintiff Fails to State a Claim under Quantum Meruit, Promissory Estoppel and Unjust Enrichment Theories.........................................................................................8

        A. Quantum Meruit and Unjust Enrichment................................................8

        B. Promissory Estoppel....................................................................9

CONCLUSION.....................................................................................................10

Defendant Retrofitness, LLC (hereinafter, "Defendant" or "Retrofitness,"), by and through its attorneys, Marks & Klein, LLP, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint against Retrofitness, pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of this entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When assessing the sufficiency of a complaint, a court must distinguish factual contentions from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

In this case, Plaintiff Ben Bonaventura (hereinafter, "Plaintiff") has failed to allege facts sufficient to state a claim for relief. Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") are based upon a purported employer/employee relationship between Plaintiff and Defendant Retrofitness, LLC (hereinafter, "Defendant"). However, Plaintiff's allegations merely reiterate the factors courts consider in making the relevant determinations, and the Complaint fails to provide sufficient factual support for its claims against Retrofitness, which is undeniably not Mr. Bonaventura's employer, nor was it ever.

Indeed, Plaintiff presents allegations that contradict clear documentary evidence indicating that Retrofitness was and remains solely a franchise licensor, and as such, did not act in the capacity of Plaintiff's employer at any time.   Plaintiff's employment agreement clearly memorializes an arrangement under which co-Defendant Richard Sansaricq (hereinafter, "Sansaricq"), the owner and an officer and employee of co-Defendants Gear Fitness, Gear Fitness Holdings, and MediSpa (Complaint ¶ 11), independently hired Plaintiff to be a salaried employee at the One New York Plaza Retrofitness Outlet.

And, even if there were claims sufficiently alleged against Retrofitness, Plaintiff's claims under the FLSA and NYLL should still be dismissed because, as a salaried employee, Plaintiff is exempt from coverage under those statutes.

Finally, Plaintiff's claims under quantum meruit, unjust enrichment, and promissory estoppel should likewise be dismissed because Retrofitness was under no duty to compensate Plaintiff.   Retrofitness was not Plaintiff's employer and is therefore not liable for Plaintiff's services as an employee of an independent franchise owner.

## I.       The FLSA and NYLL are Inapplicable to Retrofitness

### A.   Plaintiff Fails to Present Sufficient Facts Demonstrating that Retrofitness was Plaintiff's "Employer" Under the FLSA or NYLL

A claim brought under the FLSA requires facts showing the existence of an employment relationship between Plaintiff and Defendant.   29 U.S.C. § 203, 206-207; *Donovan v. Grim Hotel Co.* 747 F.2d 966, 971 (5th Cir. 1984).   The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."   29 U.S.C. § 203(d).

Retrofitness is a New Jersey-based company that engages in the business of offering and granting franchises to qualified applicants for the operation of fitness facilities under the trademark RetroFitness®.   Retrofitness is a franchisor, and as such, licenses the use of its federally-registered trademark to franchisees that independently own and operate fitness facilities.

Courts "have generally concluded that franchisors are not employers within the meaning of the FLSA." *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 259 (S.D.N.Y. 2012), <u>citing</u> *Reese v. Coastal Restoration and Cleaning Services, Inc.*, No. 1:10-c-v36, 2010 U.S. Dist. LEXIS 132858 (S.D. Miss. Dec. 15, 2010) (applying "economic reality test" and finding franchisor defendant is not employer under FLSA); *Singh v. 7-Eleven, Inc.*, No. C-05-04534, 2007 U.S. Dist. LEXIS 16677 (N.D. Cal. March 8, 2007) (same); *Donovan v. Breaker of America, Inc.*, 566 F. Supp. 1016, 1019, 1021 (E.D. Ark. 1983) (finding insufficient evidence to conclude franchisor defendants are employers under FLSA).   <u>See also</u> *Howell v. Chick-Fil-A, Inc.*, No. 92-30188, 1993 U.S. Dist. LEXIS 19030 (N.D. Fla. Nov. 1, 1993) (applying "economic reality test" and finding that where franchise owner was not employee of franchisor, so plaintiff could not be employee vis-a-vis franchisor); *Abdelkhaleq v. Precision Door of Akron,* No. 5:07-cv-03585, 2008 U.S. Dist. LEXIS 64464 (N.D. Ohio Aug. 21, 2008) ("the shared right to use the brand name of a manufacturer or distributor between a franchisor and a franchisee does not make the two a single entity for purposes of FLSA."); *Ping Chen v. Domino's Pizza, Inc.*, No. 09-107, 2009 Dist. LEXIS 96362 (D.N.J. Oct. 16, 2009) (motion to dismiss granted where plaintiff failed to make any specific allegations in their enumeration of the elements of the "economic realities" test to determine employment status under the FLSA).

"The statutory standard for employer status under NYLL is nearly identical to that of the FLSA. *Olvera v. Bareburger Group LLC*, 73 F. Supp. 3d 201, 206 (S.D.N.Y. 2014), *comparing* 29 U.S.C.A. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."), *with* NYLL § 190(3) ("'Employer' includes any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service.").

Courts consider several factors in determining whether a party is an "employer" under the FLSA and NYLL.  Under the "economic reality" test, courts ask, "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Olvera*, 73 F. Supp. 3d at 205 (S.D.N.Y. 2014) (quoting *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)) (internal quotations omitted).

Plaintiff's Complaint fails to state facts adequately demonstrating the existence of an employment relationship between Plaintiff and Retrofitness, as required under the FLSA and NYLL.  Instead, Plaintiff presents a series of unsubstantiated allegations that, not coincidentally, mirror the factors of the economic reality test that courts administer here, but fails to include any facts in support thereof.  The Complaint states:

> "Retro Corporate was also directly and actively involved in Retro Fitness Manhattan's day–to–day operations, including employee selection, compensation determination, and audits of the operations with requirements of regular written reports."

Complaint ¶ 20.  Here, Plaintiff successfully sets forth the requirements for a finding of an employment relationship, but Plaintiff fails to allege sufficient facts demonstrating the existence of those factors.  Plaintiff's conclusive statement that Retrofitness "was involved in the decision"

4

to employ Plaintiff (Complaint ¶ 21) is a similar, conclusive statement, merely asserting the existence of the first factor of the economic reality test, the power to hire or fire, without offering any actual, factual support.

In contrast, where FLSA-based complaints against a franchisor defendant have survived the motion to dismiss stage, plaintiffs alleged very specific details demonstrating employer status. For example, in *Olvera v. Bareburger Group, LLC*, the Complaint against the franchisor defendant survived a motion to dismiss because it was alleged, *inter alia*, that franchisor defendant "guided franchisees on how to hire and train employees," "monitored employee performance," "specified the methods and procedures used by those employees to prepare customer orders," "required employees to employ recordkeeping of operations, including systems for tracking hours and wages and for retaining payroll records," "exercised control over their franchises' timekeeping and payroll practices," "had the right to inspect and audit financial records," and had the right to determine hiring decisions, wages, compensation, and schedules of the employees. 73 F. Supp. 3d at 207. In this case, Plaintiff's allegations do not come close to the level of detail that allowed the Plaintiff in *Olvera* to overcome dismissal.

### B. Documentary Evidence Indicates that Retrofitness Was Not Plaintiff's Employer

The documentary evidence available in this case indicates that Retrofitness was not Plaintiff's employer. Plaintiff's employment agreement is a contract to which Retrofitness was not a party. Plaintiff provided to the court a copy of Plaintiff's employment agreement, which "formally memorialized" the terms of Plaintiff's employment. See Complaint ¶ 24. The agreement contains many details regarding Plaintiff's employment, including Plaintiff's compensation, the employer's vacation policy, and the policy regarding health benefits. Notably,

the agreement only bears the signatures of Plaintiff and Sansaricq. Retrofitness is not mentioned anywhere in the agreement, and no representative of Retrofitness has executed the contract. See Plaintiff's Complaint, Ex. A.

The employment agreement's signature page clearly demonstrates that Retrofitness was not a party to the employment arrangement between Plaintiff and Sansaricq. Moreover, the employment agreement expressly states that Plaintiff will "report to" Richard Sansaricq. Plaintiff's Complaint, Ex. A. The Complaint itself provides further evidence of an employment relationship that does not include Retrofitness, stating that co-Defendant Richard Sansaricq, "at all relevant times had direct control over the operations of Defendants Gear Fitness, Gear Fitness Holdings, *MediSpa, and the Gym*. Complaint ¶ 12 (emphasis added). Under Plaintiff's employment arrangement, as described in both the Complaint and the duly signed and executed employment agreement, Sansaricq was Plaintiff's sole employer, and as such, was exclusively obligated to provide Plaintiff his earned compensation.

Where Plaintiff has failed to plead facts tending to demonstrate the existence of an employment relationship between Plaintiff and Retrofitness, and documentary evidence undermines the assertion that Retrofitness was Plaintiff's employer, Plaintiff has failed to plead sufficient facts to give rise to claims under the FLSA and NYLL. Thus, Plaintiff's First, Second, Third, Fourth, Fifth and Sixth Claims should be dismissed.

## II.     The FLSA and NYLL Wage and Overtime Provisions Are Inapplicable Here because Plaintiff is Exempt from Coverage as a Salaried Employee

Under the FLSA and NYLL, minimum wage and maximum hour requirements do not apply to "any employee employed in a bone fide executive" capacity. 29 U.S.C. § 213(a)(1); NYLL § 651(5)(c). New York state law has expressly adopted the provisions and exemptions of

the FLSA, and such exemptions under NYLL are therefore subject to the same analysis as under FLSA. See N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2.

The Secretary of Labor's regulations provide that, to qualify for the executive employee exemption: (1) the employee must be compensated on a salary basis at a rate not less than $455 per week; (2) the employee's primary duty must be managing the enterprise; (3) the employee must customarily and regularly direct the work of at least two full time employees; and (4) the employee's suggestions and recommendations as to employment decisions must be given particular weight. 29 C.F.R. § 541.100(a) 2004; *Scott v. SSP Am. Inc.,* 2011 U.S. Dist. LEXIS 328119, at *21 (E.D.N.Y., March 29, 2011).

As Plaintiff's Complaint and the attached employment agreement demonstrate, Plaintiff is clearly exempt as an executive employee. First, Plaintiff was compensated on a salary basis at a rate not less than $455 per week. The employment agreement clearly states that Plaintiff's salary was $1923.08 per week or $100,000 per year. Complaint ¶ 24; Complaint, Exhibit A.

Second, Plaintiff's primary duty was managing the franchise location. Plaintiff's title was "General Manager." Complaint, Exhibit A. According to the Labor Department's regulations, managerial duties include, "interviewing, selecting and training" employees, "handling employee complaints and grievances," and "determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought." 29 C.F.R. §541.102. Plaintiff's Complaint sets forth facts demonstrating that Plaintiff acted in a managerial capacity. Plaintiff states that he "worked on preparation and implementation for group exercise classes, and interviewing and, subject to Defendant Sansaricq's approval, hiring other personal trainers." Complaint ¶ 26. Plaintiff handled employee complaints, complaining to Sansaricq that "the ventilation system . . . was inadequate . . . and had adversely affected the

7

health and safety of the Gym occupants, including its employees. . ." Complaint ¶ 35.  Plaintiff participated in a variety of planning and design, making determinations of the type of materials, supplies, machinery, equipment or tools to be used and/or bought.  See Complaint ¶¶ 26, 27, 30. By Plaintiff's description of his duties of employment, he worked in a managerial capacity.

Finally, Plaintiff's duties, as described in the Complaint, involved the supervision of full-time employees and making employment decisions. Plaintiff's duties included "overseeing or arranging revisions and corrections to work done by others, including architectural plans, the building and ventilation installation by the lessor of the premises and the interior design construction company."  Complaint ¶ 26.  Plaintiff also participated in interviewing and hiring personal trainers, and "designing and creating a number of special features" for the outlet.  Id.

By Plaintiff's own description of his duties and obligations as General Manager of the One New York Plaza Retrofitness location, Plaintiff is exempt from the wage and overtime requirements contained in the FSLA and NYLL.   Accordingly, Plaintiff's First and Second Claims should be dismissed.

## III.   Plaintiff Fails to State a Claim under Quantum Meruit, Promissory Estoppel and Unjust Enrichment Theories

### A.  Quantum Meruit and Unjust Enrichment

To make a claim in quantum meruit, "a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they were rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Miranco Contr., Inc. v. Perel*, 57 A.D.3d 956, 957 (2d Dept. 2008).  Similarly, unjust enrichment requires the plaintiff to "allege that it conferred a benefit upon the defendant, and that

the defendant will obtain such benefit without adequately compensating plaintiff therefor." *Smith v. Chase Manhattan Bank, USA*, N.A., 293 A.D.2d 598, 600 (2d Dept. 2002).

In this case, Retrofitness did not accept Plaintiff's services, nor did Retrofitness obtain a benefit from Plaintiff's alleged actions. Retrofitness, as a franchisor, does not fund the design, construction, or operation of a franchise location. Individual franchise owners, who have paid Retrofitness royalty and licensing fees for the right to establish and operate a Retrofitness® outlet and use Retrofitness's Trade Name and Marks, are solely responsible for all costs related to obtaining and operating the franchise location. Accordingly, any compensation allegedly withheld from Plaintiff remains in the hands of Plaintiff's actual employer, co-Defendant Sansaricq, and his company. While Plaintiff's claims under unjust enrichment and quantum meruit theories may, in fact, be valid, they are valid only as against the party that was actually benefitted by Plaintiff's alleged services, *i.e.* Sansaricq and his companies. Retrofitness is, and has always been, under no obligation to provide compensation for a franchisee's alleged failure to adequately compensate an employee. *Singh,* 2007 U.S. Dist. LEXIS 16677, at *18 (no employment relationship exists between a franchisor and franchisee's employees absent franchisor's control of the day-to-day operations). Accordingly, Plaintiff's Eighth and Ninth Claims should be dismissed.

### B. Promissory Estoppel

Plaintiff argues that Retrofitness is liable to Plaintiff under the theory of promissory estoppel. "A party seeking to state a claim for promissory estoppel under New York law must allege that '(1) a speaker made a clear and unambiguous promise; (2) it was reasonable and foreseeable for the party to whom the promise was made to rely upon the promise; and (3) the person to whom the promise was made relied on the promise to his or her detriment.'" *Johnson*

& *Johnson v. the American National Red Cross*, 528 F. Supp. 2d 462, 463 (S.D.N.Y. 2008), quoting *Henneberry v. Sumitomo Corp. of Am.,* 2007 WL 2068346 at *8 (S.D.N.Y. 2007).

Plaintiff fails to claim that Retrofitness made any statement to Plaintiff, oral or written, promising compensation for work allegedly completed at the franchise location during the period of July 2014 until Plaintiff's termination of employment. In fact, Retrofitness would never make such a promise because, as a franchisor, Retrofitness is not responsible for, nor in the business of, compensating the franchise-owners' employees. Thus, Plaintiff fails to plead any facts in support of the first element of a valid promissory estoppel claim, and Plaintiff's Tenth Claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Retrofitness respectfully requests this Court GRANT its Motion to Dismiss Plaintiff's Verified Complaint against Defendant in its entirety and with prejudice, and award Defendant Retrofitness attorneys' fees and costs associated with this Motion.

Dated:  June 6, 2017

Respectfully Submitted,
**MARKS & KLEIN, LLP**

By:   /s/ Justin M. Klein

Justin M. Klein, Esq.
63 Riverside Avenue
Red Bank, New Jersey 07701
Tel: 732-747-7100
Fax: 732-219-0625
*Attorneys for Defendant Retrofitness, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2017, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF System.  I also certify that a true and correct copy of the foregoing was sent to the following individuals via ECF and USPS:

Rachel Schwartz
William Thomashower
Schwartz & Thomashower LLP
15 Maiden Lane, Suite 705
New York, NY 10038
rschwartz@stllplaw.com
wthomashower@stllplaw.com
*Attorneys for Plaintiff*

Kuuku Angate Minnah-Donkoh
Mercedes Colwin
Sandra Teresa Jimenez
Gorden Rees Scully Mansukhani LLP
1 Battery Plaza, 28th Floor
New York, NY 10004
kminnahdonkoh@gordonrees.com
mcolwin@gordonrees.com
sjimenez@gordonrees.com
*Attorneys for Defendants Gear Fitness One NY Plaza LLC, Gear Fitness Holdings LLC,*
*Medispa One NY Plaza LLC, and Richard Sansaricq*

Dated: June 7, 2017                    Respectfully Submitted,

                        By:    /s/ Justin M. Klein
                               _____
                               Justin M. Klein
                               Marks & Klein, LLP
                               63 Riverside Avenue
                               Red Bank, New Jersey 07701
                               Justin@marksklein.com
                               *Attorney for Defendant Retrofitness*