UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEN BONAVENTURA,<br><br>　　　　　　　　　Plaintiff,<br><br>-against-<br><br>GEAR FITNESS ONE NY PLAZA LLC, GEAR FITNESS HOLDINGS LLC, RETROFITNESS, LLC, MEDISPA ONE NY PLAZA LLC, and RICHARD SANSARICQ,<br><br>　　　　　　　　　Defendants. | Civil Action No. 17-cv-02168 (ER)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT**_____ |

　　　　WHEREAS, all the parties to this action (collectively, the "Parties," and individually, a "Party") agree to protect the confidentiality of nonpublic and competitively sensitive information that may need to be disclosed in connection with discovery in this action; and

　　　　WHEREAS, the Parties, through counsel, agree to the following terms;

　　　　IT IS HEREBY STIPULATED that any person subject to this stipulation — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their respective attorneys, representatives, agents, experts, and consultants, all non-parties providing or receiving discovery in this action, and all other interested persons with access to discovery and who have actual or constructive notice of this stipulation — will adhere to the following terms:

　　　　1.　　　This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

1

2. Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action if it meets the requirements for confidentiality in paragraph 3(a) herein, as "confidential," either by the notation "CONFIDENTIAL" on each page of the Document so designated, statement on the record of the deposition, as testimony being so designated or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

(b) "Attorneys Eyes Only" ("AEO") is Confidential Information deemed to require greater restriction as provided for herein and shall be so designated by the Producing Party.

(c) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

(d) "Receiving Party" shall mean the Parties to this action and/or any nonparty receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential

Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

   5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

   (a) the Parties and personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   (b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   (c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

  (d) the Court and court personnel;

  (e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer who have been advised of their obligations hereunder;

  (f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

  (g) any other person agreed to in writing by the Producing Party;

provided however that Confidential Information designated AEO shall only be disclosed to persons who have not previously had lawful knowledge of same if such persons are as designated in foregoing subparagraphs b, c, d, e and g.

  6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

  7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form of <u>Exhibit A</u> attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the written agreement shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any written agreement signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

  8. Each Party or non-party may state on the record at any deposition any portion of such to be treated as Confidential Information and subject to this Stipulation, or within fifteen (15) days as provided in paragraph 11 herein.

9. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of such disclosing Party or non-party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. This Stipulation shall not preclude counsel for any Party from using during any deposition or trial in this action any Documents or Testimony which has been designated as "Confidential Information" (but not AEO Confidential Information) if the requirements of this paragraph are satisfied. Any deposition or trial witness who is to be shown at the deposition or trial such non-AEO Confidential Information not previously and lawfully known to said witness, shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms hereof. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation or other order the Court deems appropriate.

11. A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any nonparty to this case, or any portion thereof. In the case of Documents, produced by a non-party, designation shall be made at any time up to fifteen (15) days after actual receipt of copies of those documents by such counsel for the Party asserting the confidentiality by notifying all counsel in writing of those documents which are to be stamped and treated as such. In the case of deposition Testimony, designation shall be made on the record or by notifying all counsel in writing of those portions

which are to be stamped confidential, or otherwise treated as such, at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

12.

(a)   A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information shall file the document, pleading, brief, or memorandum on the ECF system with such Confidential Information redacted.

(b)   In the event that the Party's (or, as appropriate, non-party's) filing includes Confidential Information produced by a Producing Party that is a non-party, the filing Party shall so notify that Producing Party within twenty-four (24) hours after the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's Confidential Information unredacted.

(c)   Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph 12 shall, contemporaneously with or prior to making the Redacted Filing, provide a complete and unredacted version of the filing to counsel for the other Parties and the Court *in* camera.

(d)   All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a party as comprising or

containing Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

14. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the party asserting the confidentiality by a written notice to the counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

17. Subject to the provisions of paragraph 22 hereof, this Stipulation is entered into without prejudice to the right of any Party or non-party whose information has been designated Confidential to seek relief from, or modification of, this Stipulation or any provisions thereof by

properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

18. This Stipulation shall continue to be binding after the conclusion of this litigation and restrictions regarding Confidential information shall be maintained except with respect to information which (a) was, is or becomes public knowledge, in a manner not in violation of this Stipulation; or (b) is acquired by the Receiving Party from a third party having the right to disclose such information; or (c) was lawfully possessed by the Receiving Party prior to the entry of this Stipulation.  A Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to modification of this Stipulation, as provided in paragraphs 17 and 22.

19. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts, testimony, or documents revealed in the course of disclosure.

20. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed.  In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits, provided that the confidentiality is maintained. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional

conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter, provided that such counsel or expert continue to comply with this Stipulation.

21. If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days after the giving of such notice to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

22. This Order may be amended by further stipulation of the parties subject to the approval of the Court. Any party hereto may apply to the Court for modification of this Order, provided, however, that the modifications will not harm the rights and interests of producing parties and will not be made merely to accommodate an intervenor's desire to inspect protected documents or testimony or information. .

23. This Stipulation shall retroactively apply to any Confidential Information, including AEO Confidential Information previously produced in this action so designated at the time of production or hereafter as permitted herein.

24. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: New York, NY

October 30, 2020

| | |
|---|---|
| PRYOR CASHMAN LLP | GORDON REES<br>SCULLY MANSUKHANI, LLP |
| By: /s/ *Wm Thomashower* | By: /S/ *Kuuku Minnah-Donkoh* |
| William Thomashower<br>LaKeisha Caton<br>*Attorneys for Plaintiff*<br>7 Times Square<br>New York, NY 10036<br>(212) 421-4100 | Kuuku Minnah-Donkoh<br>*Attorneys for Defendants*<br>1 Battery Park Plaza, 28th Floor<br>New York, NY 10004<br>(212) 269-5500 |

Dated: 11/20/2020

SO ORDERED:

_____

USDJ Edgardo Ramos

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEN BONAVENTURA,<br><br>                      Plaintiff,<br><br>-against-<br><br>GEAR FITNESS ONE NY PLAZA LLC, GEAR FITNESS HOLDINGS LLC, RETROFITNESS, LLC, MEDISPA ONE NY PLAZA LLC, and RICHARD SANSARICQ,<br><br>Defendants. | Civil Action No. 17-cv-02168 (ER)<br><br>**AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL** |

I, _____, state that:

    1.    My address is _____.

    2.    My present occupation or job description is _____.

    3.    I have received a copy of the Stipulated Confidentiality Agreement (the "Stipulation") entered in the above-entitled action on _____.

    4.    I have carefully read and understand the provisions of the Stipulation.

    5.    I will comply with the provisions of the Stipulation.

    6.    I will hold in confidence, and will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

    7.    I will return Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

8. I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Stipulation in this action.


Dated:_____

Signed: _____