UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEN BONAVENTURA,

        Plaintiff,

– against –

GEAR FITNESS ONE NY PLAZA LLC,
GEAR FITNESS HOLDINGS LLC,
RETROFITNESS, LLC, MEDISPA ONE NY
PLAZA LLC, and RICHARD SANSARICQ,

        Defendants.

**OPINION & ORDER**

17 Civ. 2168 (ER)

RAMOS, D.J.:

Ben Bonaventura commenced this action on March 24, 2017, asserting contract-based claims and claims for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law.  Doc. 1.  Pending before the Court is the parties' request for approval of their settlement agreement (the "Agreement") and dismissal with prejudice of the instant suit.  Doc. 95.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  To determine whether a proposed settlement is fair and reasonable pursuant to *Cheeks*, the Court must consider the totality of circumstances, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012)).  Additionally, factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues, a non-disparagement provision that prevents a plaintiff from making truthful statements related to her wage-and-hour claims, a confidentiality clause that has the same effect, and a provision barring a plaintiff from future employment with the defendant.  *See Cheeks*, 796 F.3d at 206; *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 & n.65 (S.D.N.Y 2015); *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19 Civ. 8216 (KMK), 2020 WL 5894603, at *4 (S.D.N.Y. Oct. 5, 2020); *Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *4–5 (S.D.N.Y. June 22, 2016).  Currently, the Court cannot approve the Agreement for three reasons.

      First, the Agreement impermissibly bars Bonaventura from reemployment with Defendants.  Doc. 95-1 at 5.  "Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA."  *Brittle v. Metamorphosis, LLC*, No. 20 Civ. 3880 (ER), 2021 WL 606244, at *3 (S.D.N.Y. Jan. 22, 2021) (quoting *Zekanovic*, 2020 WL 5894603, at *4).  Such bars on reemployment "conflict with the FLSA's primary remedial purpose."  *Ortiz v. My Belly's Playlist LLC*, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (quoting *Cheeks*, 796 F.3d at 207) (internal quotation mark omitted).  Here, the Agreement provides that Bonaventura will not apply to work for or seek any business relationship with Defendants or any of their affiliates, parent companies, or successors.  Doc. 95-1 at 5.  Further, the Agreement provides that, if Bonaventura is found to be an applicant for or employee of any of those entities, Defendants may terminate him based solely on this provision of the Agreement.  *See id.*  Because

these terms prevent Bonaventura from having a future employment relationship with Defendants, they are not fair and reasonable.

Second, the Agreement contains an impermissible non-disparagement clause. Non-disparagement clauses "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair," *Lopez*, 96 F. Supp. 3d at 178 (quotation omitted), as "they 'prevent the spread of information about FLSA actions to other workers . . . who [could] then use that information to vindicate their own statutory rights,'" *see Weng*, 2016 WL 3566849, at *4 (quoting *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016)). "While 'not every non-disparagement clause in an FLSA settlement is *per se* objectionable,' a clause which bars a plaintiff from making negative statements about a defendant 'must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [her] case.'" *Id.* (quoting *Lopez*, 96 F. Supp. 3d at 180 n.65). Moreover, a non-disparagement clause that bars a worker from sharing any information related to her wage-and-hour claim—regardless of whether it was discussed during her litigation experience—likewise frustrates the remedial and information-sharing purposes of the FLSA. *Cf. Doe v. Solera Cap. LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *2 (S.D.N.Y. Jan. 20, 2021); *Lopez*, 96 F. Supp. 3d at 180.

Here, the non-disparagement clause prevents Bonaventura from publishing or communicating to any person or entity any disparaging statements concerning Defendants. Doc. 95-1 at 5–6. "Disparaging," according to the Agreement, includes statements in any form that "(i) reflect adversely upon the affairs or practices of the person or entity being remarked or commented upon or (ii) impugn the character, honesty, integrity, morality, acumen, or abilities of the person or entity being remarked or commented upon." *See id.* at 6. Of course, the

Agreement also states that Bonaventura may make truthful statements about his "experiences in litigating [his] claims and defenses" under the FLSA. *Id.* Thus, the Agreement does contain a carve-out that allows him to make some statements related to his wage-and-hour claims. *See Weng*, 2016 WL 3566849, at *4. However, the provision prevents Bonaventura from sharing information related to his wage-and-hour claims that may not have come out during the instant litigation. *See Solera*, 2021 WL 568806, at *2; *see also Lopez*, 96 F. Supp. 3d at 180 & n.65. Accordingly, the non-disparagement provision bars Bonaventura from making some truthful statements relating to his wage-and-hour claims that may be deemed critical or disparaging, and therefore is not fair and reasonable.

Third, the Agreement lacks information necessary for the Court to complete its review pursuant to *Cheeks*. In his fairness letter, Bonaventura notes that, of the $300,000 settlement award, his counsel will receive $100,000 for attorney's fees.[1] Doc. 95 at 1. Although courts in this District routinely approve FLSA settlement agreements where, as here, the award of attorney's fees represents less than or equal to one third of the settlement fund, net costs, *see Flores Hernandez v. Vill. Nat. Rest. Corp.*, No. 19 Civ. 8378 (ER), 2020 WL 5518314, at *1 (S.D.N.Y. Sept. 14, 2020), they must still "independently ascertain the reasonableness of" an award of attorney's fees, *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016), and doing so requires counsel to "submit evidence providing a factual basis for the award," *Wolinsky*, 900 F. Supp. 2d at 336. Bonaventura's attorneys assert that they expended 403.1 hours on this case, and note that Bonaventura's prior counsel worked 127.3 hours on this matter. Doc. 95 at 4. However, Bonaventura's attorneys fail to provide documentation to

---

[1] Neither the Agreement nor the fairness letter specifies the amount dedicated to covering litigation costs.

4

support these figures and do not state the litigation costs, and they fail to specify what portion, if any, of the $100,000 allotted for attorney's fees will be provided to Bonaventura's prior counsel.

Further, Bonaventura's attorneys have not offered information to support their proposed hourly rates, nor have they provided information regarding Bonaventura's prior counsel's rates. "Even when a plaintiff has entered into a contingency-fee arrangement with his attorneys, and 'even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.'" *Hernandez v. Boucherie LLC*, No. 18 Civ. 7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (quoting *Lazo v. Kim's Nails at York Ave., Inc.*, 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019)). The lodestar amount is the product of a reasonable hourly rate and the reasonable number of hours required for the case. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). To determine the reasonableness of a requested hourly rate, the Court considers the prevailing market rate in this District. *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193 (JPO), 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019). Courts in this District have found that an hourly rate ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases. *See id.* Although Bonaventura's attorneys state that their hourly rates ranged from $430 to $680, *see* Doc. 95 at 4, they fail to provide information justifying rates that are at the high end of or greater than rates typically awarded to experienced litigators in wage-and-hour cases in this District, *see Zhen Ming Chen*, 2019 WL 2324567, at *5. Thus, because the Agreement and the accompanying fairness letter lack the requisite information for the Court's review, the Court cannot determine whether the Agreement is fair and reasonable as to the settlement award or attorney's fees.

Accordingly, the parties' request for approval of the Agreement is DENIED without prejudice. The parties may proceed in one of the following ways:

1. File a revised letter and signed agreement addressing the concerns expressed in this Order by **April 26, 2021**; or

2. File a joint letter by **April 26, 2021** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will set a date for a pre-trial conference.

It is SO ORDERED.

Dated:   April 12, 2021
         New York, New York

                                                      _____
                                                      EDGARDO RAMOS, U.S.D.J.