UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEN BONAVENTURA,

                Plaintiff,

– against –

GEAR FITNESS ONE NY PLAZA LLC,
GEAR FITNESS HOLDINGS LLC,
RETROFITNESS, LLC, MEDISPA ONE NY
PLAZA LLC, and RICHARD SANSARICQ,

                Defendants.

**OPINION & ORDER**

17 Civ. 2168 (ER)

RAMOS, D.J.:

      Ben Bonaventura commenced this action on March 24, 2017, asserting contract-based claims and claims for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law. Doc. 1. On March 9, 2021, the parties submitted their first application to the Court for settlement approval. Doc. 95. On April 12, 2021, the Court declined to approve the application without prejudice because: (1) the proposed settlement agreement impermissibly barred Bonaventura from reemployment with Defendants, (2) the agreement contained an impermissible non-disparagement provision that barred Bonventura from making truthful statements relating to his wage-and-hour claims, and (3) Bonaventura's counsel failed to submit evidence to support the proposed award of attorney's fees. Doc. 96. Pending before the Court is the parties' revised settlement agreement (the "Revised Agreement") and Bonaventura's amended fairness letter in support. Doc. 97.

      The parties have addressed the Court's concerns regarding the original agreement. First, the Revised Agreement omits the bar on reemployment. *See* Doc. 97-1. Second, the Revised Agreement's non-disparagement provision now contains a carve-out that allows Bonaventura to

make all "[t]ruthful statements relating to the wage-and-hour claims and defenses herein that may or may not have come out during the instant litigation." *Id.* at 5–6. Third, Bonaventura's attorneys have now submitted documentation in support of the proposed fee award. *See* Docs. 97-2 and 97-3. Thus, the Court now turns to reviewing the remaining terms of the Revised Agreement.

The Revised Agreement awards Bonaventura $200,000 and his current and prior counsel $100,000, $5,992.66 of which is attributed to litigation costs.[1] *See* Docs. 97 at 4–5 and 97-1 at 2. Bonaventura alleges that he is owed approximately $170,240 in unpaid wages. Doc. 97 at 3. Because the Revised Agreement awards Bonaventura more than the entirety of his alleged unpaid wages, the settlement award is fair and reasonable. *See Alt v. Soc. Impact 360, Inc.*, No. 20 Civ. 4478 (ER), 2020 WL 8509845, at *1 (S.D.N.Y. Dec. 2, 2020); *see also Pinzon v. Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018).

The Revised Agreement also allocates a fair and reasonable portion of the settlement to Bonaventura's attorney's fees. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading, LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). To determine the reasonableness of a fee request, courts consider the portion of the total settlement amount, net costs, that the fee request represents. *See id.* at 230; *see also Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2–3 (S.D.N.Y. Jan. 2, 2019). Courts in this District routinely award one third of a settlement fund, net of costs, as a reasonable attorney's fee in FLSA cases. *Flores Hernandez v. Vill. Nat. Rest. Corp.*, No. 19 Civ. 8378 (ER), 2020 WL 5518314, at *1 (S.D.N.Y. Sept. 14, 2020); *see also*

---

[1] Of that $100,000, $7,473 is allocated for Bonaventura's prior counsel's fees and litigation costs, and the remaining amount is allocated for his current counsel's fees and costs. Doc. 97 at 4–5.

*Gurung*, 226 F. Supp. 3d at 230.  Here, Bonaventura's counsel's fee award is $94,007.34, representing 32% of the total settlement, net costs.  *See* Doc. 97.

Still, "[e]ven when a plaintiff has entered into a contingency-fee arrangement with his attorneys, and 'even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.'"  *Hernandez v. Boucherie LLC*, No. 18 Civ. 7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (quoting *Lazo*, 2019 WL 95638, at *2).  The lodestar amount is the product of a reasonable hourly rate and the reasonable number of hours required for the case.  *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  To determine the reasonableness of a requested hourly rate, the Court considers the prevailing market rate in this District.  *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193 (JPO), 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019).  Courts in this District have found that an hourly rate ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases.  *See id.*  Additionally, "in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable."  *Rosales v. Gerasimos Enters. Inc.*, No. 16 Civ. 2278 (RA), 2018 WL 286105, at *2 (S.D.N.Y. Jan. 3, 2018) (quoting *Long v. HSBC USA INC.*, No. 14 Civ. 6233 (HBP), 2016 WL 4764939, at *11 (S.D.N.Y. Sept. 13, 2016)).

Bonaventura's current and prior attorneys have provided documentation in support of their proposed fee award.  According to that documentation, Bonaventura's prior counsel had hourly rates of $225 and $250, and in total worked 127.3 hours on this case.  Doc. 97-2.  Bonaventura's current attorneys state that their hourly rates ranged from $430 to $795 an hour,

and provide documentation showing that they worked 389.5 hours on this case.² Docs. 97 and 97-3.

Although Bonaventura's current attorneys have proposed rates that are well above those typically found in FLSA cases, the Court need not determine the reasonableness of those figures. *Tokareva v. Sec. Serv. Provider Corp.*, No. 20 Civ. 9867 (ER), 2021 WL 1093877, at *2 (S.D.N.Y. Feb. 16, 2021). As Bonaventura's current counsel note, even assuming an hourly rate of $250, and accounting for only the hours worked by current counsel, the resulting lodestar would be $97,375, and the proposed fee award would yield a multiplier of 0.97 times the lodestar. Courts in this District have concluded that a multiplier no greater than 2 "should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases," and the multiplier here would be even lower with higher hourly rates. *See Lazo*, 2019 WL 95638, at *3 (quotation omitted). Accordingly, the fee award is fair and reasonable. *See id.*

The Revised Agreement otherwise represents a fair and reasonable settlement. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015). Accordingly, the parties' request for approval of the Revised Agreement is GRANTED. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   April 26, 2021
        New York, New York

                                                    EDGARDO RAMOS, U.S.D.J.

---

² Paralegals, e-discovery specialists, and other employees worked an additional 12.1 hours. *Id.* at 5.